IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOUTHERN CAT, INC.,<br><br>**Plaintiff,**<br><br>v.<br><br>W PR MANAGEMENT, LLC, *et al.*,<br><br>**Defendants.** | **Civil No.** 19-1377 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

The Court ordered plaintiff Southern Cat, Inc. ("SoCat") to show cause as to why this litigation should not be dismissed for failure to pursue relief in the proper forum. (Docket No. 128) SoCat complied with the order to show cause on March 30, 2021. (Docket No. 129) For the reasons set forth below, the Court **SHALL** retain jurisdiction.

**I.  Background**

SoCat commenced this civil action on April 18, 2019, alleging that defendants W PR Management, Vieques Hotel Partners, the Vieques Hotel Corp., and Reig Capital Puerto Rico, Inc. breached a contract for emergency repairs at the W Retreat and Spa in Vieques, Puerto Rico. (Docket No. 1) On September 28, 2017, the defendants and SoCat executed a Contract for Emergency Services and/or Repairs Work Agreement and Direct Payment Authorization.

(Docket No. 1 at p. 7)  Section 13 of the Repair Contract, provides that:

> This Agreement shall be interpreted by the Laws of the State of New York.  In the event that legal action is brought regarding the WORK or enforcement of this Agreement, **the Courts of Florida shall have jurisdiction over the same and any action shall be venued in the Supreme Court, Bay County, Florida**.

(Docket 84, Ex.1, p. 3) (emphasis added).  The second amended complaint provides, however, that "venue is proper in this District as the facts of the case developed in or within the Commonwealth of Puerto Rico."  (Docket No. 103 at p. 5)  SoCat also avers that "the doctrine of forum non conveniens would likely defeat its [*sic*] enforcement of such contracted venue."  (Docket No. 103 at p. 5)  Accordingly, SoCat filed the complaint despite the mandatory forum selection clause in the Repair Contract.

**II.  Discussion**

The Supreme Court has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens."  <u>Alt. Marine Constr. Co. v. United States Dist. Court</u>, 571 U.S. 49, 60 (2013).  *Forum non conveniens* is an "ancient judicially created doctrine" granting courts the discretion to dismiss an action if the chosen forum, although a proper venue, is inconvenient.  <u>See</u> 14D Charles Alan Wright, Arthur R. Mills & Edward H. Cooper,

Federal Practice and Procedure § 3832 (3d. 2008). Courts located in jurisdictions that are "inconvenient" to litigants and witnesses may transfer or dismiss an action "to avoid serious unfairness." Howe v. Goldcorp Invest., Ltd., 946 F.2d 944, 950 (1st Cir. 1991) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 259 (1981)).

SoCat contends that the District Court for the District of Puerto Rico **is** the "proper venue." (Docket No. 129 at p. 5) Forum selection clauses do not "divest a court of jurisdiction that it otherwise retains." Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 388 n.6 (1st Cir. 2001) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 12 ("No one seriously contends . . . that the forum-selection clause 'ousted' the District Court of jurisdiction of Zapata's action.")). SoCat alleges that the parties are diverse and that the amount in controversy exceeds $75,000. (Docket No. 103 at pp. 4-5) The Court's authority to adjudicate this action is premised on federal diversity jurisdiction. See 28 U.S.C. § 1332.

The defendants answered the second amended complaint, and have filed an amended motion for judgment on the pleadings. (Docket Nos. 106-109 and 113) They have not, however, moved to dismiss the second amended complaint pursuant to the mandatory forum selection clause in the Repair Contract. See Rivera v.

Civil No. 19-1377 (FAB)                                                    4

Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (recognizing that a "motion to dismiss based on a forum selection clause [is treated as] a motion alleging [a] failure to state a claim for which relief can be granted under Rule 12(b)(6)").  Nor have the defendants filed anything in response to the Court's order to show cause.

Forum selection clauses are subject to waiver when the parties' behavior is inconsistent with the contractual language. See Kelly v. Riverside Partners, LLC, 397 F. Supp. 3d 75, 86 (D. Mass. 2019) ("In light of Mr. Kelly's own disregard of the forum-selection clause in initiating this case, I concluded that he had waived enforcement of the clause.") (citing cases) aff'd Kelly v. Riverside Partners, LLC, 964 F.3d 107, 113 (1st Cir. 2020) ("Kelly waived enforcement of the forum selection by brining suit in Massachusetts.").  The Court has no reason to preserve a right that the parties have abandoned.  Accordingly, the Court deems any argument to dismiss pursuant to the forum selection clause to be waived.

*Sua sponte* dismissal is "strong medicine, and should be dispensed sparingly."  Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (citation omitted).  "Only where 'it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile can a sua sponte Rule 12(b)(6) dismissal stand.'"

Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 22-23 (1st Cir. 2014) (citation omitted).  The allegations set forth in the second amended complaint do not warrant *sua sponte* dismissal. Because the parties have disregarded the mandatory forum selection clause and *sua sponte* dismissal is not warranted, the Court **SHALL** retain jurisdiction over this action.

**III. Conclusion**

For the reasons set forth above, the Court **SHALL** retain jurisdiction over this action.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 29, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE